### In re SCHLESINGER.

District Court, S. D. Texas, at Houston. March 29, 1929.

No. 1285.

Vinson, Elkins, Sweeton & Weems, of Houston, Tex., for bankrupt.

John F. Cole and Cole, Cole, Patterson & Kemper, all of Houston, Tex., for trustee.

HUTCHESON, District Judge. This matter comes before the court after a hearing before the referee on a petition for discharge referred to and heard by the referee under the general orders of this court governing such matters.

The original specifications were filed on June 25, 1928, within the ten days fixed by Rule 32. Thereafter on August 9, under leave granted by the referee, what is styled "First Amended Petition and Specifications" was duly filed, which specifications included for the first time No. 5, "That the bankrupt has failed to explain satisfactorily his loss of assets or deficiency of assets to meet his liabilities."

No other proceedings were taken in the matter until on October 28, 1928, the day on which the hearing on the specifications was set, the bankrupt through his counsel filed before the referee a motion "to strike out and not consider the amended specifications on the ground that the same were filed after the time fixed by the rules, and that the said amended specifications had never been filed with the Clerk of the District Court and no leave of the Judge of the Court had ever been granted for the filing of the same."

This motion the referee overruled and proceeded to the hearing, whereat the bankrupt offered no evidence.

Thereafter the referee filed his report in effect advising that there was no evidence sufficient to prove any of the specifications except No. 5, but that that specification was fully proven and the bankrupt's discharge should be denied because thereof.

The bankrupt appearing here insists upon his right to a discharge, asserting that the referee was correct in the rulings made in his favor, and that the adverse ruling on specification No. 5 should be disregarded because that specification was not filed with the clerk of the court upon special leave of the judge as provided in the rules, but with the referee and upon his leave; he being without power to grant it.

The general rules of law governing hearings before the referee upon application for discharge are fairly well settled; the referee acts in these matters, not by virtue of his own statutory jurisdiction, but merely as advisory master to investigate and report, the court being in no wise bound by his findings, but competent and in fact obligated to determine the matters where there is a contest, upon his own judgment assisted by the referee's findings.

In Re Hughes (C. C. A.) 262 F. 500, it is said: "The administration of bankruptcy is so largely a matter of business that any and every formality in the court of first instance, additional to those prescribed by statute, is to be avoided as far as possible. The matter of discharges is by the act a duty laid on the judge holding the District Court, and commissioners or masters are merely his advisory assistants." International Harvester Co. of America v. Carlson (C. C. A.) 217 F. 736; Morimura Arai & Co. v. Nathan Taback, 49 S. Ct. 212, 73 L. Ed. ——, opinion delivered February 18, 1929.

Examining the report and recommendation of the referee in the light of these rulings, I am of the opinion that the action of the referee upon the specifications was correct throughout, provided the amended specification No. 5 was properly before him for consideration, and that the discharge ought to be denied, unless the amended specification must be rejected.

The first point, that the specifications were not filed with the clerk, is controlled by the special rule of this court entered November 6, 1924, as follows: "It is hereby ordered that the office of the Referee is the office of the court of bankruptcy as to discharges and the preliminaries thereof." And under such rule the filing of the specifications with the referee was sufficient filing in the court of bankruptcy.

The second point as to the power of the referee to authorize the filing of amendments

to specifications is of greater difficulty, requiring more examination.

General Order 12, subd. 3, makes provision for the reference of an application for discharge to the referee to ascertain the facts, and General Order 32 as to specifications is as follows: "A creditor opposing the application of a bankrupt for his discharge shall file a specification in writing of the ground of his opposition within ten days after the date on which the creditors are required to show cause, unless the time shall be enlarged by special order of the Judge."

The special order of this court, entered February 25, 1918, is as follows: "Specifications of the ground of opposition to such petition for discharge shall be filed with the Referee within ten days unless the time shall, for cause shown, be enlarged by order of the Court or of the Referee."

In Re Hanna, 168 F. 238, the Circuit Court of Appeals said: "The special master permitted the specifications to be amended by adding the verification of" an additional creditor. "The District Judge overruled the bankrupt's objections to the action of the special master. Held that he had power to permit the amendment, and that he was guilty of no abuse of discretion in doing so. The special master or certainly the District Judge, had the power to allow the amendment. * * * The irregularities have caused no injury to the bankrupt, and we discover no reason for revising what has been done in the court below."

The same Circuit Court, in Re Weston, 30 Am. Bankr. R. 617, held that the special master had power to allow the amendment making it conform to the words of the statute.

The bankrupt meets these decisions with the claim that they are authority only for an amendment which merely conforms to right practice existing specifications, but not for the adding of a new ground, citing Re Kaiser (D. C.) 99 F. 689, holding that the referee has no such power; that a substantial amendment can be allowed only by the judge.

These decisions aside, however, I think it clear that the amended specification in this case was properly considered by the referee and should be considered by me, for under the rule of this court the referee in the same advisory way that he passes upon the specifications against the discharge themselves passes upon the right to file amended specifications, and the matter stands before me for determination just as though the question for leave to file had been originally presented to the court. If under the facts leave to amend ought not and would not have been granted by the judge of the court, than the action of the referee in granting it cannot stand; while, on the other hand, if in the proper exercise of judicial discretion leave to amend should and would have been granted by the judge, then the action of the referee in granting the leave will be confirmed.

The right of a creditor to amend his specifications in opposition to a bankrupt's discharge is a valuable right, and should be freely granted in the interest of justice. In re Carley (C. C. A.) 117 F. 130. To have refused the right in this case would have been in the interest of injustice. The original specifications, while not presenting specification 5 in terms, in their general nature called for and developed the very facts on which specification 5 was based, and to have denied the creditors the right to amend their pleadings, so as to specifically charge against a bankrupt the facts which his own testimony disclosed, would have been a great abuse of judicial discretion.

While as provided by the rules of this court it is a proper practice for amended specifications to be filed with the referee under his leave, I think it proper to say that should a bankrupt desire to have the question of the right to file amendments tested before proceeding with the hearing, he may by informal petition to this court, before proceeding to a hearing on the amendment, have the question of the right to file it determined.

The case being one where, as in Re Hanna, "the special master or certainly the District Judge" had power to allow the amendment, and the evidence fully supporting the allegations of that amendment, it is ordered that the bankrupt's application for discharge be, and the same is hereby, denied.