**In re SCHMEREL et al.**

No. 24–52.

United States District Court
D. New Jersey.

May 3, 1954.

A. Albert Eichler, Newark, N. J., for petitioner.

Kleinberg & Moroney, Newark, N. J., for trustee.

SMITH, District Judge.

This matter is before the Court on a petition for review filed herein by the bankrupts under Section 39, sub. c, of

**900**

the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c. The petitioners allege that they are aggrieved by an order, entered on June 24, 1953, which granted the trustee leave to amend the "Specifications of Objections to Discharge" filed by the trustee under Section 58, sub. b, of the Act, 11 U.S.C.A. § 94, sub. b.

The record before the Court discloses that the original "Specifications of Objections," filed within time, were defective in that the only objection was stated generally in the language of the statute. The trustee, on application to the referee in bankruptcy, was granted leave to amend after the time for filing specifications of objection had expired. The bankrupts contend that the referee in bankruptcy was guilty of an abuse of discretion and that the entry of the order, supra, was error. The contention is without merit.

■■ The specification of objection is essentially a pleading, and therefore Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is applicable. Rule 81(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Order 37 of the General Orders in Bankruptcy, 11 U.S.C.A. following § 53. This rule provides that "leave shall be freely given when justice so requires." We are of the opinion that the action of the referee in bankruptcy was proper; in fact, a denial of the trustee's application would have been an abuse of discretion.

The language of the Court in the case of In re Taub, 2 Cir., 98 F.2d 81, 82, is apposite. It is therein stated: "The amendment did not present a new ground of objection; it merely cured a defective statement of the old objection and conformed it to the statutory requirements. It caused neither delay nor surprise to the bankrupt. The district judge was clearly correct in allowing it." See also Paully v. Magnotti, 2 Cir., 182 F. 2d 466, 468.

The grounds urged in support of the petition for review are without merit, and therefore the action of the referee will be affirmed.