**572**

CHARLES EDWARD & ASSOCIATES, a Copartnership Composed of Charles P. Trafficante and Paul J. Trafficante; Charles P. Trafficante and Paul J. Trafficante, Individually, Appellants,

v.

John O. ENGLAND, Trustee, Appellee.

No. 17296.

United States Court of Appeals Ninth Circuit.

April 11, 1962.

Shapro, Anixter & Aronson, Burlingame, Cal., for appellants.

Dinkelspiel & Dinkelspiel, by Harold A. Block, San Francisco, Cal., for appellee.

Before HAMLEY and HAMLIN, Circuit Judges, and SOLOMON, District Judge.

SOLOMON, District Judge.

Appellants Charles P. Trafficante and Paul J. Trafficante (individual partners) appeal from an order of the District Court which set aside the individual discharges in bankruptcy granted them by the Referee.

Appellants filed individual voluntary petitions in bankruptcy, and a short time later Charles Edward & Associates, a partnership composed of the two appellants, was adjudicated a bankrupt in an involuntary proceeding. The two individual estates and the partnership estate were consolidated for the purposes of administration.[1]

The Referee fixed November 10, 1958, as the time for filing objections to the discharges of the individual partners as well as the partnership itself. Prior to that date, the Trustee petitioned the Referee for an order extending the time within which to file objections. By inadvertence, the prayer of the petition requested time within which to object to the discharges of the individual partners but no such request was made for the partnership. The order granting the extension was likewise limited to the individuals.

Within the extended time, the Trustee filed objections to the discharges of both the partnership and the individual partners. The five pertinent specifications charged:

1. The individual partners failed to keep partnership records;

2. The partnership transferred property to the individual partners with intent to defraud partnership creditors

within one year from the filing of the bankruptcy petition;

3. The individual partners failed to explain satisfactorily losses in their respective assets in the amount of approximately $56,000 during the period November 1, 1954, to January 10, 1958;

4. Within one year of the filing of the bankruptcy petition and with intent to defraud partnership creditors, the partners withdrew large amounts of cash from partnership funds at a time when they knew the partnership was insolvent;

5. At a hearing on the objections, the individual partners *will fail* to explain satisfactorily a large deficiency in partnership assets.

At the Referee's hearing on the objections, the individual partners moved to dismiss specifications 1, 2, 4 and 5, for their failure to state valid grounds of objection to the individual discharges. They likewise moved to exclude all evidence in support of these specifications as to the partnership because the objections were not timely filed as to the partnership. The Trustee then learned for the first time that the order which extended the time to file objections against individual partners did not extend the time to file against the partnership itself. The Trustee moved "to correct an obviously erroneous order" by including the partnership as well as the individuals in the extended time. The Referee denied the request on the ground that he had no authority to grant it.

The Referee granted appellants' motions to dismiss specifications 1, 2, 4 and 5 as to them individually, and denied the Trustee the opportunity to adduce evidence in their support on the ground that the specifications as filed were not valid objections to the discharges of the individual partners.

The motion as to specification 5 was also granted on the ground that it failed to state facts which would constitute a

1. The docket number of the partnership was used, and the consolidated title reads as follows: "In the Matter of Charles Edward & Associates, a co-partnership composed of Charles P. Trafficante and Paul J. Trafficante; Charles P. Trafficante, individually; and Paul J. Trafficante, individually, bankrupts".

ground of opposition to the discharges of either the individual partners or the partnership itself.

The Trustee sought to amend specification 3 by reducing the amount and shortening the period during which he had alleged that the bankrupts had failed to explain satisfactorily losses in assets. The Referee refused to permit the amendment even though the dates were within the period alleged in the specification.

In view of this ruling, the Trustee announced that he could not prove the unexplained withdrawals in the full amount for the entire period alleged in the specification and therefore offered no evidence to prove it.

The referee then granted discharges in bankruptcy to the partnership as well as to the individual partners.

On review of the Referee's order, the District Court vacated the order granting discharges to the individual partners and remanded the case to the Referee for a review of the specifications of objections to discharge numbers 1 through 5.

In his presentation in the District Court, as well as in this Court, the Trustee took the position that the specifications of objections to discharge were valid against the individual appellants, but he did not question the ruling of the Referee with reference to the partnership discharge. We shall not pass on the propriety of this concession,[2] but shall limit our inquiry to the correctness of the judgment which reversed that portion of the Referee's order which granted individual discharges to the appellants.

Appellants contend that specifications 1, 2 and 4 do not state valid objections to their individual discharges.

■ The failure to keep or preserve books of account or records from which a bankrupt's financial condition and business transactions might be obtained is a

ground for the denial of a discharge in bankruptcy under the Bankruptcy Act (Act), 11 U.S.C.A. § 32, sub. c(2).

Specification 1 charges:

"1. That said Bankrupt copartnership and each of the bankrupt individual members thereof failed to keep books or records from which the financial condition of said bankrupt copartnership might be ascertained in that they, and each of them, wholly failed and neglected at all times during the existence of said copartnership to maintain books or records relating to the accounts payable of said copartnership."

Appellants contend that this specification charges misconduct against the partnership and not against the individual partners, and they claim that any other construction would disregard the entity theory of partnership.

Although the Bankruptcy Act of 1938 adopted the entity theory for some purposes and the aggregate theory for other purposes,[3] the entity theory is specifically rejected in § 5, sub. j of the Act, 11 U.S.C.A. § 23, sub. j, which provides that the discharge of a partnership does not discharge the individual partners from partnership debts.

■ Under either theory, a partner who has engaged in conduct proscribed by the Act, either on behalf of the partnership or on his own behalf, is not entitled to a discharge. Rameson Brothers v. Goggin, 9 Cir. 1957, 241 F.2d 271; In re Herzog, 2 Cir. 1941, 121 F.2d 581.

■ In many cases, as in this one, substantially all of the debts of the individual partners were those of the partnership. The failure of a partner to keep partnership books and records may preclude a creditor or a trustee from ascertaining the true financial condition of a partner.

2. See Paully v. Magnotti, 2 Cir. 1950, 182 F.2d 463; In re Taub, 2 Cir. 1938, 98 F. 2d 81; In re Schmerel, D.N.J.1954, 120 F.Supp. 899.

3. See Mason v. Mitchell, 9 Cir. 1943, 135 F.2d 599, 31 N.C.L.Rev. 457 (1953), 29 Ref.J. 18 (1955).

The Referee's ruling was clearly erroneous, and the District Court was correct in setting it aside.

■ The transfer of property with intent to hinder, delay or defraud creditors, within twelve months of the filing of a petition in bankruptcy, is also a ground for the denial of a discharge in bankruptcy. 11 U.S.C.A. § 32, sub. c(4).

Specification 2 charges:

"2. That at times subsequent to the first day of the twelve months immediately preceding the filing of the individual partners' petitions in bankruptcy, and also at items [sic] subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy against the said bankrupt copartnership, the said partnership, while continually insolvent, the individual members thereof having full knowledge of such partnership insolvency and with intent to defraud the partnership creditors, transferred to the individual members thereof, property of said partnership, to wit, cash in the sum of $22,819.07 or thereabouts."

Specification 4 is similar to 2, but, in addition, charges that the individual partners made cash withdrawals from partnership funds in the amount of approximately $23,000 and that the partners transferred the money to themselves with intent to defraud partnership creditors.

■ These two specifications clearly allege improper conduct against the individual partners in personally withdrawing large sums from the partnership with intent to defraud partnership creditors. An individual discharge will be denied a partner who withdraws funds from a partnership with intent to defraud creditors. In re Richter, 2 Cir. 1932, 57 F.2d 159.

■ Specification 3 charges:

"3. That on December 17, 1958, at the Courtroom of this honorable court, said bankrupts, and each of them, failed to explain satisfactorily losses in their respective assets, the same consisting of cash withdrawals from the partnership of $55,939.88 or thereabouts during the period commencing November 1, 1954, to and including January 10, 1958."

Appellants admit that this specification sets forth valid grounds of objection to their individual discharges. However, they assert that the Referee correctly ruled that the Trustee was not entitled to amend this specification so as to reduce the amount and the period of time involved. They claim that such an amendment would set forth a new ground of objection to discharge after the time for filing objections had expired.

The amendment was probably unnecessary. In any event, it did not change the specification so as to add new matter. It actually decreased the partners' burden of explanation since it reduced the losses to be accounted for and covered a shorter period within the time alleged in the specification. The amendment could not have prejudiced the partners and should have been granted in accordance with the liberal spirit of the Federal Rules of Civil Procedure, which are applicable in bankruptcy proceedings under General Order No. 37, 11 U.S.C.A. following § 53. See Burchett v. Myers, 9 Cir. 1953, 202 F.2d 920, 922; In re Schmerel, D.N.J.1954, 120 F.Supp. 899.

■ Appellants' final contention is that specification 5, which charges that the partners *will fail* to satisfactorily explain a deficiency in partnership assets, was correctly dismissed by the Referee.

The statute reads:

"The court shall grant the discharge unless satisfied that the bankrupt * * * (7) *has failed* to explain satisfactorily any loss of assets to meet his liabilities * * *." (Emphasis supplied.) 11 U.S.C.A. § 32, sub. c(7).

Although there is only a slight change in the statutory language, the difference is fundamental. The Trustee made no effort to amend this specification at the hearing before the Referee. Both in the

District Court and in this Court, he attempted to justify the words which he used. Objection to discharges are not to be based upon what may develop in the future, but solely upon past failures and deficiencies.

As to this specification, the District Court erred in reversing the ruling of the Referee that it failed to state a valid objection to the discharge of the individual partners.

Except as to specification 5, the judgment of the District Court is affirmed. Appellee is entitled to costs.