**In the Matter of John M. STURDEVANT, Bankrupt.**

**John M. STURDEVANT, Plaintiff-Appellant,**

**v.**

**Robert C. MALEY, Jr., Trustee, Defendant-Appellee.**

**No. 27132**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Aug. 28, 1969.

G. Ernest Caldwell, Thomas A. Adams, III, Knight, Prappas, Rowland & Caldwell, Houston, Tex., for appellant.

W. Robert Brown, John C. Nabors, Robert C. Maley, Jr., Houston, Tex., Liddell, Dawson, Sapp & Zivley, Houston, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

■ The appellant, Sturdevant, filed a voluntary petition in bankruptcy in the United States District Court for the Southern District of Texas.[1] The Texas National Bank of Commerce of Houston, a creditor of the bankrupt, filed objections to the bankrupt's discharge quoting as grounds for their objection the provisions of 11 U.S.C. §§ 32(c) (3) and 32(c) (7) (1964).[2] By way of amplification of the claim based on § 32(c) (3), the bank alleged that the bankrupt had " * * * furnished to movant a materially false financial statement to obtain money in the form of a loan."

Bankrupt promptly filed a motion to dismiss the bank's objections to discharge, or in the alternative, a motion for a more definite statement of the objections. Upon hearing, the Referee granted bankrupt's motion to dismiss as to the allegation based on § 32(c) (7), because, at best, it was a mere quotation of the language of that section. The Referee denied bankrupt's motion to dismiss the allegation based on § 32(c) (3), relating to the use of a false financial statement, but required the bank to amend this objection to show the transaction to which its allegation referred. The bank filed its amended specifications of objections to discharge after the last day fixed for filing objections to discharge, but within the time allowed by the Referee's order. The bankrupt then filed a motion to dismiss or alternatively to strike the amended specifications of objections to discharge. The

Referee denied this motion. The bankrupt then sought review by the district court. The district court denied the petition for review adopting and affirming the findings of the Referee.

■ Bankrupt asserts essentially two bases for reversal of the district court: (1) that the original objections to discharge were not amendable, (2) that the objections as amended were insufficient. After considering these arguments, we affirm.

The bankrupt appears to contend that the original objection to discharge was so fatally defective that there was, in fact, nothing in the pleadings to amend. A similar argument was rejected in Georgia Jewelers, Inc. v. Bulova Watch Co.[3] The court stated:

Of course decisions can be found which talk in terms of "fatally defective" petitions, but we agree with Collier's that such descriptives are not decisive. "Far more preferable is the view that defects in pleading are not 'jurisdictional'; that whether or not they may be cured depends upon the power of amendment, and that a bankruptcy court has ample jurisdiction to permit amendments. Aside from a few isolated instances, judicial opinion amply supports these views."[4]

Allowing the amendment in this case was proper. Even before General Order 37 required the application of Federal Rule 15(a) to bankruptcy procedures, it was recognized that, "The right of a creditor to amend his specifications in opposition to a bankrupt's discharge is

[1]. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

[2]. 11 U.S.C. § 32
(c) The court shall grant a discharge unless satisfied that the bankrupt has * * * (3) while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained

for such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation; or * * * (7) has failed to explain satisfactorily any loss of assets or deficiency of assets to meet his liabilities; * * *.

[3]. 302 F.2d 362 (5th Cir. 1962).

[4]. Id. at 366.

a valuable right, and should be freely granted in the interests of justice." In re Schlesinger.[5]

Since the year 1939 General Order 37 has provided:

> In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be.

 Bankrupt, however, contends that objections to discharge are not to be judged by the standards of the federal rules because of General Order 32[6] and Official Form in Bankruptcy No. 44.[7] The provisions require the filing of a "specification in writing" of such objections, but as the Referee pointed out they contain no suggestion of the type of allegation which must be contained in the specification. They contain no different or more onerous standard of pleading than that imposed by the Federal Rules of Civil Procedure. Thus by virtue of General Order 37, the standard to be applied in determining whether or not to allow amendment of an objection to discharge is the standard of Rule 15 (a) Fed.R. of Civ.P., which requires that leave to amend be freely given "when justice so requires." In re Schmerel;[8] In re Black and White Cab Co.[9]

We agree with the Referee that the objection to discharge based on § 32(c) (3) was sufficient, in its original form, to withstand a motion to dismiss under the simple standard of notice pleading. See Conley v. Gibson.[10] The contention that the objection to discharge in its amended form is insufficient is frivolous. Bankrupt's contention that the amendment to the objections to discharge was improper in that it contained new ground not present in the original objections is rejected.

The judgment is affirmed.

---

5. 31 F.2d 789, 791 (S.D.Tex.1929), aff'd sub. nom. Schlesinger v. Phillips, 36 F. 2d 191 (5th Cir. 1929).

6. Any person opposing a discharge shall, on or before the time fixed for the filing of objections to the discharge, file a specification in writing of the grounds of his opposition. 28 U.S.C.A. Rules, Bankruptcy.

7. A directive appended to Official Form No. 44 provides:
   Here specify in separately numbered paragraphs the grounds of objection. 28 U.S.C.A. Rules, Bankruptcy.

8. 120 F.Supp. 899 (D.C.N.J.1954).

9. 35 F.Supp. 832 (W.D.Mo.1940).

10. 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).