In re Robert F. ALVAREZ & Eunice Alvarez, Debtors.

Samuel R. SHERMAN, Plaintiff,

v.

Robert F. ALVAREZ & Eunice Alvarez, Defendants.

Bankruptcy No. 81–00105–BKC–TCB. Adv. No. 81–0328–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

Aug. 10, 1981.

R. Scott Laing, Palm Beach, for plaintiff.

Norman J. Kapner, West Palm Beach, Fla., for defendants.

Irving E. Gennet, Boca Raton, trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff holds a State court judgment against the debtors for $240,222. He wants this debt excepted from discharge under 11 U.S.C. § 523(a)(2)(A). The debtors have answered and the matter was tried on August 4.

In 1977 plaintiff, a retired doctor, sought out the debtor-husband and offered to invest in the latter's business, Food Quik, Inc. The debtor rejected the offer. Plaintiff again approached the debtor in February, 1978 and this time the debtor agreed. Food Quik is a family held corporation which operates some 20 leased convenience stores in gas stations in Palm Beach County. The debtor-husband was a one-third owner and a principal officer of the corporation.

During 1978, plaintiff advanced $240,222 to the corporation in six transactions, each involving a separate store. He received corporate demand notes bearing 12.5% interest together with one-half the gross pretax profit of that store for two years. The obligation was personally guaranteed by both debtors.

The guarantee was the debtor-wife's only participation in this transaction. There has been no allegation nor any proof of any conduct on her part which would fall within the purview of § 523(a)(2)(A). Therefore, the complaint will be dismissed as to her and subsequent references to the debtor relate solely to the debtor-husband.

Plaintiff was paid his interest but nothing else until November or December. He first became disenchanted with his investment at that point. On December 9, the debtor withdrew completely from the corporation, the complete control of which was surrendered to a management committee which included the plaintiff. This bankruptcy petition was filed on January 26, 1981.

Section 523(a)(2)(A) excepts from discharge all debts:

"(2) for obtaining money . . . by (A) false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or an insider's financial condition . . .".

There are four counts in the complaint. Counts 1 and 2 charge that the transaction described above constituted a sale of unregistered securities by and unregistered dealer under the Florida statutory definitions of those terms. §§ 517.021(6) and (15), Florida Statutes.

Florida law prohibits this conduct, makes the conduct a felony and vests a State agency with certain enforcement jurisdiction. The State agency has just entered a cease and desist order against the debtor. The debtor never received notice of this order until it was offered in evidence by plaintiff before me. The order, in effect, charges the debtor with certain violations and schedules a hearing. § 517.221, Florida Statutes. It adjudicates nothing and has no evidentiary value in this case.

However, for the purposes of this decision I will assume that the debtor has violated these statutes in his transactions with the plaintiff.

■ It is plaintiff's burden under § 523(a)(2)(A) to prove conduct which in fact involves moral turpitude or intentional wrong. "Fraud implied in law which may exist without imputation of bad faith or immorality," is insufficient and the fraud which must be proved means "actual or positive fraud rather than fraud implied by law." 3 *Collier on Bankruptcy* (15th ed.) ¶ 523.08[4] and [5]. Commission of a statutory fraud does not, of itself, constitute either a misrepresentation or a fraud under § 523(a)(2)(A). There is no evidence before me that the debtor's failure to register himself as a dealer or the transaction as a security was intentional or that plaintiff was in any way misled or deceived by the lack of registration. Therefore, neither the allegations nor the proof under Counts 1 and 2 furnish a predicate under § 523(a)(2)(A) for nondischargeability.

Plaintiff's remaining two counts charge that he was induced to advance his money by two misrepresentations: (1) that he would become a one-half owner of each store he invested in and (2) that he could get his money back at any time he wished. Assuming these promises were made, it is well-settled that:

> "A mere promise to be executed in the future is not sufficient to make a debt nondischargeable, even though there is no excuse for the subsequent breach." 3 *Collier on Bankruptcy* (15th ed.) ¶ 523.-08[4] n. 17.

These two counts would not, therefore, carry the plaintiff's burden under § 523(a)(2)(A) even if they had been proved. Neither was proved.

■ Food Quik's commitment as to ownership was in writing and promised plaintiff one-half ownership of the "business operation" of the particular store if he paid an additional sum equal to his initial investment. It also promised him the right to purchase one-half ownership of any real property interest the corporation might get to the store. (The corporation never acquired any real property interest in any of its stores.) He did not bring himself within either provision. There is, therefore, no

evidence that this commitment was ever breached.

The demand notes constitute a promise to refund plaintiff's investment at any time, but plaintiff never requested the refund of his money until sometime after December 9, 1978. At that time, he and his relatives surrendered control of Food Quik to plaintiff and other creditors. There was, therefore, no breach of this commitment and no misrepresentation or fraud.

Recognizing the weakness of his case, plaintiff at trial offered some evidence not relevant to this complaint, but which might support a cause of action under § 727 (grounds for the denial of discharge) or other provisions of § 523. Plaintiff has argued that these issues were tried with implied consent and, therefore, the pleadings should be amended to conform to his proof under B.R. 715(b).

■ This argument must be rejected here for two reasons. In the first place, the debtor objected when plaintiff first began to overstep his complaint and I permitted plaintiff to proceed with his proof with the understanding that to the extent his proof exceeded his complaint it would be disregarded and would stand in the record as a rejected proffer of inadmissible evidence. There was no actual or implied consent to broaden the issues in the receipt of plaintiff's evidence.

■ Secondly, Bankruptcy Rules 404(a) and 409(a)(2) require that this court fix an early deadline for the filing of complaints under both § 523 and § 727. That was done. Although plaintiff's complaint was timely, the trial occurred well after the time had expired to file such charges. It would be a manifest evasion of the Rules to permit amendment at trial stating new grounds after the deadline for these charges has expired. See 1A *Collier on Bankruptcy* (14th ed.) ¶ 14.07 n. 49, denying amendment under similar statutory provisions in the former Bankruptcy Act.

It follows, therefore, that the complaint must be dismissed as to each of the debtors. As is required by B.R. 921(a), a separate

judgment will be entered so providing. Costs will be taxed on motion.