**In re Stephen Lynn WAHL, Debtor.**

**CITIZENS FIDELITY BANK AND TRUST COMPANY, Plaintiff,**

v.

**Stephen Lynn WAHL, Defendant.**

**Bankruptcy No. 3–82–00401.**

**Adv. No. 3–82–0233.**

United States Bankruptcy Court, W.D. Kentucky.

Feb. 9, 1983.

Thomas A. Hoy, Louisville, Ky., for plaintiff.

L. Gregory Yopp, Louisville, Ky., for defendant-debtor.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter originally came before the Court on complaint of Citizens Fidelity Bank and Trust Company (Citizens), a creditor, by counsel, seeking a determination of nondischargeability of a debt owing in the principal amount of $9,375.90, pursuant to 11 U.S.C. § 523(a)(2)(A), which excepts from discharge a debt for obtaining money, property, services, or an extension, renewal, or refinance of credit, by false pretenses, a false representation, or actual fraud, other than a statement in writing respecting the debtor's or an insider's financial condition.

On or about February 23, 1982, the debtor filed a petition seeking relief under the provisions of Chapter 7 of the Bankruptcy Code, 11 U.S.C. The original complaint of Citizens asserting a cause of action under § 523(a)(2)(A) was timely filed on June 16, 1983, the last date set for filing such complaints in the "Notice of Bankruptcy Proceedings and Order of Court," issued February 25, 1982.

Thereafter, an answer was filed by defendant-debtor on July 22, 1982, and a pretrial conference was held August 10, 1982. Pursuant to order of the Court entered August 12, 1982, a trial of the issue was scheduled for September 30, 1982, and the parties were given through September 9, 1982, in which to complete discovery.

On September 7, 1982, the plaintiff filed a motion to file an amended complaint simultaneously with the amended complaint. The defendant-debtor thereafter filed objections to the amendment on September 15, 1982. In the amended complaint, the grounds upon which the allegation of nondischargeability is predicated include § 523(a)(2)(A), the sole basis of the original complaint, and added are causes of action under § 523(a)(4), for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; and § 523(a)(6) for willful and malicious injury by the debtor to another entity or the property of another entity.

The defendant objects to the filing of the amended complaint on the grounds that: (1) the last date for filing objections to discharge and complaints for nondischargeability was June 16, 1982; and (2) that to grant the plaintiff's motion will prejudice the defendant in that the amended complaint expands the plaintiff's basis for relief.

The issue presently before the Court is whether or not the plaintiff may amend its complaint to add two other separate causes of action after the time for filing complaints alleging nondischargeability has expired and shortly before the date set by the Court in which to complete discovery relative to trial of the issue under 11 U.S.C. § 523(a)(2)(A).

Rule 409(a)(2), Rules of Bankruptcy Procedure, sets forth the time requirements for filing a complaint to determine dischargeability of a particular debt pursuant to § 523(c) of the Bankruptcy Code as follows:

(2) *Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed.* The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act... The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

Interim Rule 4003 modifies Rule 409(a)(2) by changing the reference to § 17c(2) of the Act to read as a reference to § 523(c) of the Code. The policy behind such rule is to insure the expeditious administration of the bankruptcy estate.

Rule 715, Rules of Bankruptcy Procedure, provides, with exceptions not relevant herein, that Rule 15 of the Federal Rules of Civil Procedure applies in adversary proceedings. In relevant part Rule 15 provides:

(a) Amendments. A party may amend his pleading once as a matter of course at

any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

■ Further, it is well settled that the grant or denial of leave to amend pursuant to Rule 15(a) is a matter within the sound discretion of the trial court. *Conklin v. Joseph C. Hofgesang Sand Company,* 565 F.2d 405 (6th Cir.1977). In addition, the court's decision on this issue is subject to reversal on appeal only for an abuse of that discretion. *Banque de Depots v. National Bank of Detroit,* 491 F.2d 753 (6th Cir. 1974); *Troxel Manufacturing Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir. 1973), cert. denied, 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974).

■ Prejudice to the opposing party is the most important factor considered by the courts in deciding whether leave to amend should be granted. See *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Estes v. Kentucky Utilities Co.,* 636 F.2d 1131 (6th Cir.1980).

Subsection (c) of Rule 15, F.R.C.P., provides:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. . . .

■ The test of relation back is the adequacy of notice given to the defendant by the original complaint of the general wrong and conduct complained of. *Rosenberg v. Martin,* 478 F.2d 520 (2d Cir.1973); also see *Matter of REA Holding Corp.,* 8 B.R. 75 (Bkrtcy., S.D.N.Y.1980); *In Re Blewett,* 14 B.R. 840 (Bkrtcy.App., 9th Cir.1981). Fur-

ther, *In Re Englund,* 20 B.R. 957, 960 (Bkrtcy., E.D.Mich.1982), would refine the proposition, stating that " . . . the emphasis is on whether the *specific conduct of the Defendant as alleged in the Amended Complaint can be identified with the original claim.*" (Citations omitted; emphasis added.) In *Englund, supra,* the court was distinguishing between pleading a § 523(a)(2)(A) cause of action and one pursuant to § 523(a)(2)(B).

The *Englund* standard was further utilized by the appellate panel in *In Re Dean,* 11 B.R. 542 (Bkrtcy.App., 9th Cir.1981), stating:

"In determining whether an amended cause of action is to relate back, the emphasis is not on the legal theory of the action, but whether the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim, is identifiable with the original claim. See 3 *Moore's Federal Practice,* ¶ 15.15[3], pp. 15–196–205 (2d Ed.1980). The basic test is whether the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed. . . ." *Id.* at 545.

In *Dean,* the appeals panel held that an amended complaint alleging oral misrepresentations, filed after the period for filing of dischargeability complaints, did not relate back to the original complaint which was based on written fraudulent statements alleged to have been made, where the plaintiff was shifting to a new ground in alleging fraudulent conduct on the part of defendant. Also see *In Re Alvarez,* 13 B.R. 571 (Bkrtcy., S.D.Fla.1981).

The plaintiff in the instant case has cited to the Court the cases of *In Re Sturdevant,* 415 F.2d 465 (5th Cir.1969); *In Re Schlesinger,* 31 F.2d 789 (S.D.Tex.1929); and *In Re Schmerel,* 120 F.Supp. 899 (D.C.N.J.1954). Initially, the Court is unable to locate the *Sturdevant* case. Additionally, the *Schlesinger* and *Schmerel* cases deal with amendments to complaints objecting to discharge pursuant to what is now § 727 of the Bankruptcy Code. In this connection, note

should be taken of the case of *In Re Fischer*, 4 B.R. 517 (Bkrtcy., S.D.Fla.1980), in which it was held that additional or new grounds of objection may not be added by way of amendment after expiration of the time fixed by the Court for the filing of complaints objecting to discharge pursuant to § 727.

In the instant case, and following the standard set forth in *In Re Dean, supra,* the causes of action added by the amended complaint would require the introduction of additional evidence relating to the elements of proof of malice and intent under § 523(a)(6), as well as fiduciary capacity pursuant to § 523(a)(4). It is the opinion of the Court that there is not sufficient identity between the causes of action asserted in the amended complaint and the basis of the action in the original complaint to enable the amendment to relate back to the original claim.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, in view of the foregoing and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the plaintiff's motion to file the complaint be and the same hereby is denied.

IT IS FURTHER ORDERED AND ADJUDGED that this order being interlocutory in nature, the trial will go forward on the original complaint as filed and will be held on *March 15, 1983, at 9:30 a.m., at 413 United States Courthouse, 601 West Broadway, Louisville, Kentucky 40202.*