**In re Carl Leroy GRANT, Debtor.**

**MAINE BONDING & CASUALTY CO., Movant,**

v.

**Carl L. GRANT, Jane Orbeton, Esquire, Trustee, Respondents.**

**Bankruptcy No. 184–00079.
Adv. No. 184–0135.**

United States Bankruptcy Court,
D. Maine.

Dec. 28, 1984.

Louis H. Kornreich, Gross, Minsky, Mogul & Singal, Bangor, Me., for debtor.

Richard Maraghy, Bangor, Me., for movant.

Jane Orbeton, Hallowell, Me., Trustee.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

On April 4, 1984, Carl Leroy Grant filed a petition under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Maine. At the time the petition was filed, a suit was pending against the debtor in the Somerset County Superior Court. *St. Louis v. Grant,* Docket No. CV–82–287. The suit, arising out of a motor vehicle accident, represents one of the two most significant claims against the debtor's estate. Maine Bonding & Casualty Co., movant herein, is subrogee of Mrs. St. Louis' claim.

By order dated April 9, 1984, this Court set May 3, 1984, as the first date for the meeting of the creditors under Title 11 U.S.C. § 341(a). The Court further set July 3, 1984, as the last day for filing a complaint either to object to discharge under Title 11 U.S.C. § 727 or to object to the dischargeability of a debt under Title 11 U.S.C. § 523. On June 5, 1984, Maine Bonding & Casualty Co. filed an objection to the debtor's discharge under § 727, alleging that the debtor, with an intent to hinder, delay, and defraud creditors, had filed schedules that failed to disclose significant assets of the debtor's estate. On July 18, 1984, Maine Bonding & Casualty Co. filed a motion to amend its original complaint to add a second count objecting to the dischargeability of its debt under § 523(a)(6), alleging that the debtor was legally intoxicated at the time of the motor vehicle accident, had voluntarily consumed the alcohol, had voluntarily driven his motor vehicle, and that as a result, had willfully and maliciously injured the plaintiff's

insured. On August 14, 1984, the debtor filed an objection to Maine Bonding & Casualty Co.'s motion to amend its original complaint on the grounds that the time for filing objections to the dischargeability of a specific debt under § 523 had expired. A hearing was held on the motion and the objection on August 15, 1984.

 The Court notes that at no time did Maine Bonding & Casualty Co. file a motion for extension of time to object to the dischargeability of its debt. Had Maine Bonding & Casualty Co. filed such a motion after July 3, 1984, the last date set by this Court to file objections to discharge or objections to the dischargeability of a specific debt, the Court would have no choice but to deny the requested relief. Bankruptcy Rule 9006(b)(1) provides that the Court, upon motion made after an expiration date, may generally extend the time in which to act where the failure to act timely was the result of "excusable neglect." Bankruptcy Rule 9006(b)(3), however, states that the court may enlarge the time for taking action under Bankruptcy Rules 4004(a) and 4007(c) "only to the extent and under the conditions stated in those rules." Pursuant to Bankruptcy Rule 4004(a), a complaint objecting to the debtor's discharge under § 727 shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The Court, upon motion, may extend the specified time period only if the motion is made before the time period has expired. *See* Bankruptcy Rule 4004(b).[1] Similarly, the Court, upon motion, may extend the time for filing objections to the dischargeability of a specific debt under § 523(c) if the motion was filed prior to the expiration date. *See* Bankruptcy Rule 4007(c).[2]

---

1. Bankruptcy Rule 9006(b)(3), in limiting the Court's discretion in extending the time period in which an act must be done, refers to Bankruptcy Rule 4004(a) and Bankruptcy Rule 4007(c). The Court notes that it is Bankruptcy Rule 4004(b) that addresses the issue of extension of time for filing objections to the debtor's discharge under § 727. To be consistent with the other rules mentioned in Bankruptcy Rule 9006(b)(3), *see, e.g.,* Rule 4007(c), the reference in Bankruptcy Rule 9006(b)(3) to Bankruptcy Rule 4004(a), by implication, must also include Bankruptcy Rule 4004(b).

2. The former Bankruptcy Rules permitted the Court, upon application made after the expiration date, to extend the time for filing either objections to discharge or objections to the dischargeability of a specific debt upon the showing of excusable neglect. *See* Bankruptcy Rule

■ Maine Bonding & Casualty Co., instead of filing a motion for the enlargement of time, has filed a motion to amend its original complaint. In support of its motion, Maine Bonding & Casualty Co. claims that it is "not seeking a new Complaint, but rather an amendment to its present [complaint]." Bankruptcy Rule 7015 allows a party to amend its complaint after responsive pleadings have been served only by written consent of the adverse party or by leave of the Court. An amendment, if allowed and if arising out of the same conduct, transaction, or occurrence set forth in the original pleading, relates back to the date of the original pleading. *See* Bankruptcy Rule 7015; Fed. R.Civ.P. 15(c).

■ In the case at bar, no written consent to amend the complaint has been given by the adverse party. The Court recognizes that leave to amend should be freely given when justice so requires. *See* Bankruptcy Rule 7015; Fed.R.Civ.P. 15(a). Here, however, it would be unjust to allow the requested relief. There are strong policy reasons for imposing time limits on the filing of objections to a debtor's discharge. Title 11 U.S.C. § 727, the Bankruptcy Code's discharge provision, is intended to provide the debtor with a "fresh start." *See generally* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 384–385 (1977), U.S. Code Cong. of Admin. News 1978, pp. 5787, 6340–6341. To allow the debtor to be continually pursued by his creditors, *"ad infinitum* by a succession of amendments would be to sanction a form of slow torture" contrary to the spirit and purposes of the bankruptcy laws. *In re Fehrle,* 34 B.R. 974, 975 (Bkrtcy.W.D.Ky.1983).

Moreover, for this Court to now allow the proposed amendment, it must find that to do so would not prejudice the debtor.

*See, e.g., Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In its original complaint, Maine Bonding & Casualty Co. objected to the debtor's discharge on the grounds that the debtor had filed inaccurate schedules with an intent to hinder, delay, and defraud creditors. In its proposed amendment, Maine Bonding & Casualty Co. now wishes to object to the dischargeability of its debt under § 523 on the grounds that the debtor, having driven his motor vehicle while intoxicated, had willfully and maliciously injured the plaintiff's insured. This Court follows the view as expressed by the Court in *In re Wahl,* 28 B.R. 688 (Bankr.W.D.Ky.1983) that an amendment such as the one at bar may only be allowed provided there is "sufficient identity between the causes of action asserted in the amended complaint and the basis of the action in the original complaint to enable the amendment to relate back to the original claim." *In re Wahl* at 690–91; *see also In re Channel,* 29 B.R. 316 (Bankr.W.D.Ky.1983). This Court does not perceive a "sufficient identity" between the plaintiff's allegations under § 727 and that which the plaintiff seeks to assert in its amendment to the complaint by adding allegations under § 523.

Maine Bonding & Casualty Co.'s motion to amend its original complaint is denied.

Enter Order.

---

906(b)(2). The present Bankruptcy Rules have removed the excusable neglect test from the Court's consideration when the motion is made after the expiration date. *See* Bankruptcy Rules 9006(b)(3), 4004(a), and 4007(c). Even if the excusable neglect test were to be applied, however, this Court cannot find that the plaintiff's failure to timely file its objection to the dischargeability of its debt was the result of any excusable neglect.