**In re David Allen SMITH, Debtor.**

**Dalna WORTHLEY, Plaintiff,**

v.

**David Allen SMITH, Defendant.**

**Bankruptcy No. 184–00067.**

**Adv. No. 184–0166.**

United States Bankruptcy Court,
D. Maine.

Jan. 28, 1985.

David J. Corson, Yarmouth, Me., Thomas G. Ainsworth, Ainsworth & Ainsworth, Portland, Me., for plaintiff.

M. Ray Bradford, Jr., Bangor, Me., for defendant.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

On March 23, 1984, the debtor filed a voluntary petition under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Maine. This Court, by its order dated April 6, 1984, set April 30, 1984 as the first date for the meeting of creditors held pursuant to 11 U.S.C. § 341(a) and further set June 30, 1984 as the last day for filing complaints either objecting to the debtor's discharge under 11 U.S.C. § 727 or objecting to the dischargeability of a debt under 11 U.S.C. § 523(c). The plaintiff in this action is a creditor of the debtor's estate, the debt having arisen from a consent judgment executed by the plaintiff and the debtor prior to the filing of the bankruptcy petition. The consent judgment, in an amount totalling $31,704.50 plus costs, was in settlement of the plaintiff's state court claim against the debtor following the debtor's slaying of the plaintiff's husband.

On July 2, 1984, the plaintiff filed with the Court a complaint entitled "Objections to Discharge of the Debtor in Accordance

with Rule 7001."[1]  While the plaintiff cited § 727, the general discharge provision of the Bankruptcy Code, as the basis for her cause of action, the plaintiff requested that the Court find the debt owed her by the debtor was an "undischargeable" debt and that the debtor be denied a discharge only as to that debt. The relief sought by the plaintiff was therefore available under § 523(c), not § 727. The debtor filed an affirmative defense to the plaintiff's complaint, noting that the plaintiff has cited § 727 yet had failed to plead facts in support of that section sufficient to constitute a proper cause of action. The debtor seeks dismissal of the plaintiff's complaint with prejudice as well as the award of costs including reasonable attorney's fees.

In *Maine Bonding & Casualty Co. v. Grant*, 45 B.R. 262 (Bankr.D.Me.1984), this Court refused to allow a creditor of the debtor's estate, having timely filed a complaint objecting to the debtor's discharge under § 727, to amend the complaint to add a second cause of action under § 523 after the time for filing objections to the dischargeability of a debt had expired. Adopting the "sufficient identity" test as invoked by the Court in *In re Wahl*, 28 B.R. 688 (Bankr.W.D.Ky.1983), this Court concluded that there was not sufficient identity between the original complaint objecting to the debtor's discharge on the grounds that he had filed inaccurate schedules with the intent to hinder, delay, and defraud creditors and the proposed amendment objecting to the dischargeability of a specific debt on the grounds that the debtor had willfully and maliciously injured the creditor's insured in a motor vehicle accident.

The present case is distinguishable from *Maine Bonding & Casualty Co.*, and the Court need not apply the sufficient identity test in this instance. While the plaintiff does request in her brief that she be allowed to amend her complaint to delete the reference to § 727 and add the reference to § 523, no formal motion to amend the complaint has been filed. This Court does not deem such a motion to be necessary. The Court considers the original complaint to be sufficiently precise as to the grounds for the objection and the remedy sought. While the plaintiff does cite § 727, and not § 523, as the basis for her cause of action, the plaintiff requested only that the Court deny the dischargeability of her debt. The actual wording of a complaint, not the citation of a particular section of the United States Bankruptcy Code, is controlling.

The debtor's counsel, an experienced bankruptcy practitioner, should not now be allowed to successfully claim that he was misled in believing that the plaintiff sought to object to the debtor's discharge as opposed to the dischargeability of a specific debt. The plaintiff's timely complaint setting forth sufficient facts to sustain a cause of action under § 523, but incorrectly citing § 727, is an insufficient basis for dismissing the complaint.[2]

The debtor's request that the Court dismiss the plaintiff's complaint with prejudice on the grounds that it fails to set forth facts sufficient to constitute a proper cause of action and the award of costs including reasonable attorney's fees is denied.

Enter Order.

---

**1.** This Court finds, and the debtor concedes, that the complaint of July 2, 1984, with Saturday and Sunday extensions, was timely filed. *See* Bankruptcy Rule 9006(a).

**2.** The Court decides only that the plaintiff should be allowed to pursue her cause of action under § 523. The Court makes no finding at this time on the merits of that complaint.