87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Lawrence LOCKEN, Defendant-Appellant.
 No. 95-30167.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1996.*
Decided June 07, 1996.
 
 Before: BROWNING, WRIGHT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Locken pleaded guilty to two cocaine-related counts and one firearm count. At sentencing, the district court applied a base offense level of 32, departed downward one level for substantial assistance and denied departure for physical condition. We have jurisdiction under 18 U.S.C. § 3742(a) and we vacate and remand for resentencing.
 
 
 3
 The parties agree that Locken challenged the quantity of cocaine distributed and that the court erred in failing to resolve this factual issue.[1] When a defendant alleges factual inaccuracies in a presentence report (PSR), the court must either append a finding as to the allegation or not take the matter into account for sentencing purposes. Fed.R.Crim.P. 32(c)(3)(D); United States v. Harrison-Philpot, 978 F.2d 1520, 1525 (9th Cir.1992), cert. denied, 508 U.S. 929 (1993). Because it failed to make the required Rule 32 findings, we vacate and remand for resentencing. United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991).
 
 
 4
 On remand, the court will make specific factual findings as to the alleged inaccuracies in the PSR and determine whether to hold an evidentiary hearing.[2] See Harrison-Philpot, 978 F.2d at 1525. Locken's acceptance of responsibility should also be considered because it is unclear whether the original offense level reflected this reduction.
 
 
 5
 The court departed downward one level for substantial assistance. It did not make an additional departure on the firearms count, but the extent of a downward departure is not reviewable. See United States v. Eaton, 31 F.2d 789, 792 (9th Cir.1994); U.S.S.G. § 5K1.1. Moreover, its silence regarding authority to depart does not indicate it believed that it lacked power to depart. United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991).
 
 
 6
 The court's discretionary refusal to depart downward based on Locken's physical condition is also not reviewable. See United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990); U.S.S.G. § 5H1.4.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Locken also claims his counsel was ineffective. This panel will not consider this claim on direct appeal. United States v. Quintero-Barraza, 57 F.3d 836, 839 (9th Cir.1995)
 
 
 [2]
 The government notes that "on remand in Harrison-Philpot, the government stipulated that the drug quantity was two to three and a half kilograms, rather than the 15 to 20 kilograms that originally had been attributed to her.... the same stipulation presumably will be applicable to [Locken] on remand."