In re George R. DUNN, Ind. & d/b/a Major Oils, Debtor.

SIPCO OIL (US), INC., Plaintiff,

v.

George R. DUNN, Ind. & d/b/a Major Oils, Defendant.

Bankruptcy Nos. 84–20003.
Adv. Nos. 84–2049A, 84–2050A.

United States Bankruptcy Court, W.D. New York.

May 30, 1985.

Cohen, Swados, Wright, Hanifin, Bradford & Brett by Cheryl S. Fisher, Buffalo, N.Y., for Sipco Oil (US), Inc., plaintiff.

Steven J. Seidman, Rochester, N.Y., for George R. Dunn, defendant.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The plaintiff-creditor made a motion pursuant to Bankruptcy Rule 7015 and Federal Rule of Civil Procedure 15(a) to amend its complaints in two bankruptcy adversary proceedings. The defendant-debtor opposes the motion. The parties stipulated that the motion should be decided on the papers, without oral argument. The Court approved the stipulation on March 26, 1985 and the matter was subsequently submitted for decision.

The facts are as follows. On February 22, 1983, the debtor George R. Dunn, doing business as Major Oils, entered into an agreement to purchase gasoline and fuel oil from Sipco Oil, Inc., the creditor. The agreement called for payment by certified or cashier's check at the time of delivery, but Sipco claims it agreed to extend the debtor one week's credit on all sales. Between April 14, 1983 and June 5, 1983, however, the debtor accumulated a debt of $205,592.66. On June 9, 1983, Sipco commenced an action in the New York State Supreme Court, Erie County to recover the debt.

The filing of the debtor's Chapter 7 petition in bankruptcy on January 3, 1984 stayed Sipco's Supreme Court collection action. On March 9, 1984, Sipco filed its proof of claim for $205,592.66. On May 9, 1984, subsequent to receiving an extension of time to file a complaint excepting a debt from discharge or objecting to discharge, Sipco timely filed two complaints against the debtor.

The first complaint requests that the $205,592.66 debt to Sipco be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2). Sipco claims that at the time the sales agreements was made the debtor: failed to inform Sipco of judgments in excess of $500,000 docketed in the Monroe County and Erie County Clerk's Offices; represented a financial ability to pay for its purchases; and assured Sipco that the purchases would be paid for promptly. Sipco claims that it relied on these alleged false representations, assurances, and omissions to its detriment and, therefore, the debt should be excepted from discharge.

The second complaint requests that the debtor be denied a discharge pursuant to

11 U.S.C. § 727(a)(5). Sipco claims that the debtor's schedules fail to satisfactorily explain why the assets of the estate only amount to $68,327, when just six months prior to filing bankruptcy the debtor had $205,592.66 worth of gasoline, fuel, or the proceeds thereof, in his possession. Additionally, Sipco alleges a failure on behalf of the debtor to supply information to clarify this question. Therefore, Sipco requests the denial of the debtor's discharge because of the debtor's failure to satisfactorily explain the loss or deficiency of the estate's assets.

Sipco's motion seeks to amend these complaints in the following ways. The first material amendment is to add an additional ground to the § 523(a)(2) cause of action. Sipco claims that the debtor misrepresented itself as a tax exempt organization. The plaintiff may now owe the United States and New York State for sales and excise taxes not properly collected on the sale of the fuel to the debtor. Sipco claims it relied upon these alleged false representations causing it to charge the debtor substantially less per gallon for the fuel than he would have been charged had Sipco known that it was going to have to pay taxes on that transaction. The plaintiff claims this resulted in an "extension of credit for that portion of the purchase price of the product allocable to taxes" and, therefore, the debt should be excepted from discharge.

The second material amendment seeks to add another ground for denying the debtor's discharge under 11 U.S.C. § 727. Sipco alleges that prior to the filing of the petition, the debtor wrote four checks totaling $95,000 from the Major Oils' checking account, payable to his wife and himself. The plaintiff alleges that these transfers were made with the intent to hinder, delay, and defraud the creditors and injure the estate and, therefore, should bar the debtor's discharge. The amended complaint also seeks to consolidate the causes of action which were previously stated in two separate complaints.

The plaintiff contends that these amendments are proper because additional facts were obtained from the defendant's deposition after the original complaints were filed and because justice so requires. The debtor does not oppose the amendment to consolidate, but does object to the other two amendments. The debtor contends that causes of action based upon information available before the complaints were drawn should not be allowed as amendments at this time. Additionally, the debtor claims that the allowance of the amendments may necessitate additional discovery or may be an unnecessary waste of time and effort prior to the acquisition of additional information.

■ The question presented is whether the plaintiff's amendments to the complaints should be allowed pursuant to Bankruptcy Rule 7015 and Federal Rule of Civil Procedure 15(a).

Bankruptcy Rule 7015 provides that "Rule 15 F.R.Civ.P. applies in adversary proceedings." The relevant portion of Federal Rule of Civil Procedure 15(a) reads as follows:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or ... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

"The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown to him at the time he interposed his original complaint or answer." Wright & Miller, *Federal Practice and Procedure:* Civil § 1473 at 375. "Rule 15(a) complements the liberal pleading and joinder provisions of the federal rules by establishing a time period during which the pleadings may be amended automatically and by granting the broad discretion to allow amendments to be made to the pleadings after that period has expired. Rule 15(a) therefore reinforces one of the basic policies of the federal rules—

that pleadings are not an end in themselves but only a means to assist in the presentation of a case to enable it to be decided on the merits." *Id.* at 376.

In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the U.S. Supreme Court said:

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80. The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action." Rule 1.

... As appears from the record, the amendment would have done no more than state an alternative theory for recovery.

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given." 371 U.S. at 181–82, 83 S.Ct. at 229–230, 9 L.Ed.2d at 225–26.

In the case at bar, the plaintiff timely filed complaints seeking an exception to discharge and objecting to the debtor's entire discharge. The statutory sections, 523(a) and 727(a), were pleaded, and the debtor was adequately put on notice of the plaintiff's causes of action. The amendments merely seek to state alternative theories under the same statutory sections. The plaintiff discovered additional facts from deposing the debtor and realized an oversight necessitating amendments to the pleadings.

 As the Supreme Court has aptly stated, pleading is not a game. The purpose of pleading is to facilitate a decision on the merits and in the absence of any delay tactics, bad faith, or prejudice to the debtor, leave to amend will be freely given. The amendments in this case were not intended nor will they cause undue delay. They are not in bad faith and their allowance will not unduly prejudice the debtor.

For the foregoing reasons, it is decided that the plaintiff's motion to amend its complaints and consolidate the two adversary proceedings is granted in all respects, and it is so ordered.