In re Virginia R.W.
McCLELLAN, Debtor.

FIRST VIRGINIA BANK, Plaintiff,

v.

Virginia R.W. McCLELLAN, Defendant.

Bankruptcy No. 84–01547–A.
Adv. No. 85–0039–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

May 13, 1986.

James W. Patterson, Patterson and Reese, Fairfax, Va., for plaintiff.

Paul B. Ward, Gabeler, Ward and Griggs, McLean, Va., for debtor.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

On August 8, 1985, the plaintiff, First Virginia Bank ("FVB"), moved this Court to permit an amendment to its complaint, which was filed in January of 1985. Sustaining the objection of debtor Virginia R.W. McClellan, the Court denied leave to amend. Upon FVB's Motion for Reconsideration, the Court reheard the motion to amend and took the matter under advisement.

Rule 15(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7015, provides that "leave [to amend a complaint] shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court interpreted this provision to create a presumption in favor of granting leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be 'freely given'."

371 U.S. at 182, 83 S.Ct. at 230. It is well settled that, within the guidelines provided by the language of the Rule and its interpretation by the *Foman* Court, the grant or denial of leave to amend is within the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77, *reh'g. denied*, 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552 (1971).

The question whether an amendment relates back to the date of the original pleading is treated in subsection (d) of Rule 15. The Rule states, in part:

> (d) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

When, as in this case, the applicable limitations period has run before the filing of the amended complaint, the question of relation back assumes primary importance, for leave to amend the original pleading is of little value if the amendment will not relate back and thus avoid the limitations bar. Furthermore, substantial overlap often exists between the inquiry into undue prejudice, suggested by the *Foman* Court as proper under subsection (a), and the inquiry into the adequacy of notice mandated by the language of subsection (d). This Court has given both matters due consideration, and reiterates its prior decision that the plaintiff must be denied leave to amend.

At the start of the trial on its challenge to the debtor's discharge, FVB informed the Court that it desired to amend its complaint. FVB's original complaint, filed on January 28, 1985 and styled as a "Complaint to Determine Dischargeability", alleged that "after the Defendant defaulted

under the terms of the Note, she transferred the property in which the Plaintiff held a security interest to another and/or concealed the whereabouts of the property with intent to hinder, delay or defraud the Plaintiff pursuant to 11 U.S.C., Section 727(a)(2)". FVB prayed that the debt owed by McClellan "be exempt from discharge pursuant to 11 U.S.C. Section 727(a)(2)" [sic].

FVB's amended complaint, filed on August 29, 1985, abandoned the section 727 claim and alleged a cause of action for non-dischargeability of a debt under section 523(a)(2) of the Bankruptcy Code:

> Defendant had never seen the automobile that she pledged as collateral, that she never had possession or control of said vehicle, either before or after pledging it as collateral, and further that the loan was actually made to give the funds to a friend of hers who transferred title of said vehicle into her name solely to use as collateral.

The bar date for complaints to determine dischargeability was March 4, 1985.

In support of its request for leave to amend under Fed.R.Civ.P. 15(a), FVB argues that the debtor concealed the true facts surrounding the loan transaction, thus causing the Bank's futile search for its collateral. Despite the allegation in the debtor's answer that the relief sought by FVB was available under section 523 rather than section 727, the Bank notes that the debtor failed to reveal any facts underlying the section 523(a)(2)(A) claim until her deposition on May 22, 1985. Consequently, FVB suggests, its delay was reasonable given the debtor's concealment of the facts. Further, FVB contends that the general notice of the transaction at issue, embodied in the original complaint, satisfies the standards of both subsection (a) and subsection (d) of Rule 15.

■ It may well be that FVB had no substantial grounds for a section 523(a)(2)(A) complaint until discovery began; it seems likely that the debtor urged the Bank to cite section 523 solely to underscore the fact, alleged in the Bank's initial complaint, that the Bank sought an exception from discharge rather than the complete revocation of discharge available under section 727.

FVB, however, neglected to amend its complaint to conform to the cause of action it uncovered upon deposition of the debtor until the date of trial, some ten weeks later. During this period of time, FVB submitted a letter, dated June 24, 1985, informing the Court that the parties had completed discovery and were prepared for trial on August 8, 1985. To delay until the start of trial an amendment to the complaint which completely abandons the plaintiff's initial cause of action in favor of another is clearly prejudicial to the defendant, for the debtor effectively is deprived of a defense by such a course of delay. Under the *Foman* standard, leave to amend on these facts is inappropriate. *See* 371 U.S. 182, 83 S.Ct. at 230.

■ Even if the prejudice to the opposing party was less clear, the amendment proposed by FVB is a futile one, for under the language of Fed.R.Civ.P. 15(c), it cannot relate back to the date of the Bank's initial complaint. *See Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230. Clearly, the new allegations require wholly different proof than did FVB's claim of post-default concealment of the collateral under section 727. In order to succeed with its claim of nondischargeability under section 523(a)(2)(A), FVB must satisfy with clear and convincing evidence the five-part test outlined in *Sweet v. Ritter*, 263 F.Supp. 540 (W.D.Va.1967):

> (1) the debtor made the representations; (2) that at the time [s]he knew they were false; (3) that [s]he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained the alleged loss and damage as a result of the representation having been made.

263 F.Supp. at 543.

The events and occurrences that comprise FVB's section 523(a)(2)(A) claim ante-

date the concealment that was the basis of its original complaint by at least sixteen months. The conduct of the debtor now complained of is altogether distinct from that conduct alleged in the original pleading. The only existing commonality is that each course of conduct allegedly deprived FVB of recovery through repossession of its collateral. This is hardly sufficient to satisfy the requirement of Rule 15(c) that the assertions in the amended pleading arise "out of the conduct, transaction, or occurrence" described in the original pleading. *See Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir.1985) (complaint to set aside arbitration award because of arbitrators' misconduct may not be amended to assert a claim for breach of duty of fair representation); *In re Wahl*, 28 B.R. 688, 691 (Bankr.W.D.Ky.1983) (plaintiff denied leave to augment section 523(a)(2)(A) dischargeability complaint with section 523(a)(4) and (a)(6) grounds).

Because the amended complaint cannot relate back to the date of the original complaint, the Bank's nondischargeability complaint is untimely. Thus, the amendment is futile as well as prejudicial. Under the *Foman* court's interpretation of Rule 15, leave to amend must be denied.

An appropriate Order will enter.