**In re Greg FONDREN.**

**GUARANTY CORPORATION, Plaintiff,**

**v.**

**Greg FONDREN, Defendant.**

**Bankruptcy Nos. 8902619WC, 890320WC.**

United States Bankruptcy Court,
S.D. Mississippi.

Sept. 11, 1990.

J. Walter Newman, IV, Jackson, J. Keith Friley, Schaneville & Baringer, Baton Rouge, for plaintiff.

Hugh W. Tedder, Jr., Jackson, for defendant.

## OPINION

EDWARD R. GAINES, Bankruptcy Judge.

Before the Court for consideration is the Complaint to Have Debt Declared Nondischargeable filed by Guaranty Corporation against the debtor, Greg Fondren. At the trial of this matter on June 25, 1990, the Court ruled that there was no violation of section 523(a)(2)(A) of the Bankruptcy Code. Additional time was given to the parties to submit briefs on the issues of whether the complaint could be amended to add a count under section 523(a)(6) and whether there was a section 523(a)(6) violation. Having considered the pleadings, testimony presented at trial, and the additional briefs filed, the Court is of the opinion that the complaint may be amended and that the debt of Greg Fondren to Guaranty Corporation is nondischargeable under section 523(a)(6) of the Bankruptcy Code.

## I. FACTS

In 1987, Greg Fondren was the sole stockholder and President of Gulf States Computer Sales which was in the business of selling computer supplies. Guaranty Corporation, the Plaintiff, was a customer of Gulf States and had done business with the debtor or the corporation in the past. In April 1987, Guaranty mistakenly issued a check to Greg Fondren in the amount of Three Thousand Two Hundred Eleven Dollars and Eighty Six Cents ($3,211.86). This amount was actually due Gulf States Utilities and was incorrectly coded for payment to Greg Fondren. In July 1987, Fondren was contacted by the Plaintiff and acknowledged that he had received the check, cashed it, and spent the money. Fondren agreed to repay the $3,211.86 to Guaranty, but failed to do so.

Suit was filed and judgment was rendered against the defendant, Greg Fondren, on April 29, 1988 by the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Fondren and his wife filed a joint Chapter 7 petition in bankruptcy on August 24, 1989.

Guaranty Corporation filed this adversary proceeding to have the debt excepted from discharge on December 19, 1989. The complaint's allegations include the following:

Defendant, Greg Fondren, converted property belonging to Guaranty by virtue of cashing a check made out by Guaranty to defendant, when defendant knew and should have known that Guaranty owed defendant no money. Defendant knew or should have known that Guaranty would be harmed by defendant's action of cashing the erroneously coded check.

On the basis of the foregoing facts, Guaranty is entitled to judgment pursuant to 11 U.S.C. § 523(a)(2)(A) excepting from the effect of the debtor's discharge any liability from which the debtor owed for having wilfully and [sic] converted property.

Pre-trial briefs were submitted by the parties. The debtor's brief contained a discussion of section 523(a)(6). As the brief submitted by the debtor points out, the complaint makes no reference to section 523(a)(6) but counsel for the creditor had informed debtor's counsel of the possible use of that section in this proceeding.

Testimony at the trial revealed that the debtor had six employees at the time the check from Guaranty was issued. Fondren's secretary handled the posting of receivables to a general ledger. The debtor

testified that he did business with the Plaintiff for about eight months, from December 27, 1985 to October 24, 1986, and that some of the invoices were in the range of $2,000 to $4,000. No proof of invoices in this range was offered by the debtor.

Fondren stated that Guaranty always paid by check and always paid on time. The check to Gulf States Computer dated April 13, 1987, approximately six months after the last business conducted between the two parties, was endorsed by the debtor, cashed, and the money spent by Fondren. His bookkeeper was not made aware of the check. Fondren testified that he occasionally took checks from the mail and cashed them while on the way out of town to conduct business. Ordinarily, his bookkeeper was later notified about the checks. However, she was not notified about this particular check. The money received from the Plaintiff's check was used to purchase computer supplies in Baton Rouge.

Richard Cutrer, Administrative Services Manager and Vice–President of Guaranty Corporation in Baton Rouge, testified that the check was intended for Gulf States Utilities but miscoded by an employee of the Plaintiff and erroneously made payable to the debtor. The error was discovered upon receipt by Guaranty Corporation of a late notice from the utility company. Contrary to the debtor's testimony, Cutrer testified that the invoices from the debtor to Guaranty during the course of their relationship ranged from $124.35 to $687.54. The invoices averaged only $252.95.

## II. LAW

Section 523(a)(2)(A) provides that:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt-

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

11 U.S.C. § 523(a)(2)(A). At the conclusion of the presentation of testimony at trial, the Court ruled that there was no violation of section 523(a)(2)(A) and, therefore, this issue will not be discussed here.[1] The attorneys were requested to submit briefs on the issues of whether the creditor could amend its complaint to include a count under section 523(a)(6) and whether the testimony showed willful and malicious conduct under that statute by the debtor.

### A.

Section 523(a)(6) provides that a discharge does not discharge a debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity". The Plaintiff moved ore tenus at trial to amend its complaint to include this additional subsection after the bar date for filing the original complaint had passed.

In allowing the creditor to amend its complaint objecting to discharge and dischargeability under sections 523(a)(2)(A) and (B), as well as section 727(a)(5), to assert additional causes under sections 727(a)(3) and (4), the Court in *In re Gunn*, 111 B.R. 291 (9th Cir. BAP 1990), stated the following:

The amended complaint was filed long after the Bankruptcy Rule 4004(a) deadline had passed. However, the court below should have granted First Federal's Motion to Amend since the filing of the amended complaint related back to the date of the original complaint, pursuant to Fed.R.Civ.P. 15(c). *See* Bankruptcy Rule 7015 ...

By the terms of Fed.R.Civ.P. 15(c), whenever the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth, or attempted to be set forth, in the original pleading, the amendment relates back to the date of the original pleading. In applying this standard, the Panel stated in *In re Dean*, 11 B.R. 542 (9th Cir. BAP 1981) that:

The basic test is whether the evidence with respect to the second set of alle-

---

**1.** Reasons for the court's decision were stated on the record before the court reporter.

gations could have been introduced under the original complaint, liberally construed; or, as a corollary, that in terms of notice, one may fairly perceive some identification or relationship between what was pleaded in the original and amended complaints.

11 B.R. at 545.

In discharge cases such as this one, the opportunity to amend is especially important because of the short time frame under Rule 4004(a) during which such complaints must be filed. (citations omitted).

111 B.R. at 292–93. Other Courts have similarly applied the "same transaction or occurrence" standard in considering amendments to discharge complaints. *In re Barnes,* 96 B.R. 833 (Bankr.N.D.Ill. 1989); *In re Krank,* 84 B.R. 372 (Bankr.E. D.Pa.1988); *In re McClellan,* 60 B.R. 719 (Bankr.E.D.Va.1986) (amendment disallowed where new allegations required wholly different proof); *In re Dunn,* 49 B.R. 547 (Bankr.W.D.N.Y.1985), *In re Tester,* 56 B.R. 208 (W.D.Va.1985); *In re Smith,* 46 B.R. 299 (Bankr.D.Me.1985); *In re Kelley,* 46 B.R. 63 (Bankr.E.D.Va.1985); *In re Morgan,* 41 B.R. 259 (Bankr.Tenn. 1984); *In re Herrera,* 36 B.R. 693 (Bankr. D.Colo.1984).

The time for filing a complaint to determine dischargeability of a debt under section 523(c) of the Bankruptcy Code is governed by Bankruptcy Rule 4007(c) which provides that a complaint shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to section 341(a). The deadline in this case expired on December 19, 1989. Federal Rule of Civil Procedure 15(c)[2] sets out provisions for "relation back" of amendments:

(c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading ...

Fed.R.Civ.P. 15(c).

Under the facts of this case, the allegations upon which the proposed amendment under section 523(a)(6) are based are the very same as those presented in the original complaint which alleged a violation of section 523(a)(2). Therefore, under Rule 15(c), and as provided by case law as cited above, the requested amendment here is allowable and will relate back to the date of the original complaint on December 19, 1989.

### B.

The Court next considers whether a violation of section 523(a)(6) occurred thus rendering the debt to Guaranty Corporation nondischargeable. As stated above, section 523 provides that a discharge under section 727 does not discharge an individual from any debt for willful and malicious injury to another entity or to the property of another entity. In *In re Hendry,* 77 B.R. 85 (Bankr.S.D.Miss.1987), the following was stated:

[T]he legislative history of § 523(a)(6) provides in the Committee Reports of the United State House of Representatives and Senate that:

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902 [1904]), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled. (citations omitted).

It is clear from the legislative history that "willful" means a deliberate or intentional action. However, a question remains as to the meaning of the term "malicious." The definition of the term has been inconsistent by the Courts and thus two standards have evolved.

---

**2.** This rule is made applicable in adversary proceedings under Bankruptcy Rule 7015.

One line of cases requires an act with an actual, conscious intent to cause injury or harm to the creditor. (citations omitted). This line of cases ... encourages the Court to adopt this higher standard of the debtor having to have the conscious intent to harm ...

A second line of cases has continued to adopt the *Tinker* standard of implied or constructive malice and requires an intentional act which results in injury or harm to the creditor ... (citations omitted).

This Court finds that the standard adopted by the United States Fifth Circuit Court of Appeals, which is controlling here, is the interpretation of "willful and malicious" set forth in *Collier on Bankruptcy*, the leading bankruptcy treatise. See *Vickers v. Home Indemnity Company, Inc.*, 546 F.2d 1149 (5th Cir.1977); *Matter of Dardar*, 620 F.2d 39 (5th Cir.1980); *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241 (5th Cir.1983); *Matter of Quezada*, 718 F.2d 121 (5th Cir. 1983). See also *In re Cecchini*, 780 F.2d 1440 (9th Cir.1986). *Collier* provides:

> In order to fall within the exception of section 523(a)(6), the injury to an entity or property must have been willful and malicious. An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will. The word "willful" means "deliberate or intentional," a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.

> 3 *Collier on Bankruptcy* 523.16 at 523–128 (15th ed. 1983).

Thus, when a wrongful act such as conversion, done intentionally, necessarily produces harm and is without just cause or excuse, it is "willful and malicious" even absent proof of a specific intent to injure. *Cecchini* at 1443.

77 B.R. at 89–90.

Under the above standards utilized in the Southern District of Mississippi, the Court finds that the action taken by the debtor in cashing the Guaranty Corporation's check, and spending the proceeds in the amount of $3,211.86, when the largest previous invoice was only $687.54, when no business had been conducted with Guaranty for several months, and when instructions were not given to post the receipt in the company's general ledger, was deliberate and intentional, and thereby constituted "willful" conduct under section 523(a)(6).

Additionally, the Court finds that the act of cashing the check [in what amounted to a conversion of property] was an act without just cause or excuse and necessarily produced harm to the creditor here. Therefore, even though no specific intent to injure the creditor was shown, the actions were sufficient to constitute a "willful and malicious" injury under section 523(a)(6).

Based on the foregoing, the Plaintiff, Guaranty Corporation, is allowed to amend its complaint to allege a section 523(a)(6) violation. Furthermore, the Court finds that the actions by the debtor were "willful and malicious" under section 523(a)(6) and Greg Fondren's debt to Guaranty Corporation is hereby determined to be nondischargeable.

## III. SUMMARY

The Court finds as follows:

1. The debtor did not violate section 523(a)(2)(A) of the Bankruptcy Code;

2. The defendant did violate section 523(a)(6) of the Bankruptcy Code, and Guaranty Corporation's motion ore tenus to amend its complaint to include a violation of said section is well taken and granted;

3. Greg Fondren's indebtedness to Guaranty Corporation in the amount of $3,211.86, plus interest, and attorney's fees, is nondischargeable. Guaranty Corporation is directed to submit to the Court within 30 days of the date hereof a detailed and correct computation of the interest to which it is entitled and the attorney's fees which it seeks to be awarded, in or-

der that this Court can render its proper judgment on a separate sheet of paper pursuant to Federal Rule of Civil Procedure 58 and Bankruptcy Rule 9021.