In re Myron LEVINE and Jacquelyn
P. Levine, Debtors.

James A. MILLER, Plaintiff,

v.

Myron LEVINE and Jacquelyn
P. Levine, Defendants.

Bankruptcy No. 91–327–8P7.
Adv. No. 91–261.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 24, 1991.

---

**3.** *Hayden v. Commissioner,* TC Memo 1986–539; *Carlin v. Commissioner,* TC Memo 1981–694.

See also 132 B.R. 475.

Bernard J. Morse, III, Tampa, Fla., for plaintiff.

John A. Yanchunis, St. Petersburg, Fla., for defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS COMPLAINT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the timeliness, vel non, of the Complaint filed by James A. Miller (Miller). In this Complaint, Miller seeks an Order denying the discharge of Myron and Jacquelyn Levine (Debtors) or, in the alternative, a determination that the obligation owed by the Debtors to Miller shall be excepted from the overall protection from the discharge based on § 523 of the Bankruptcy Code. The issue of timeliness is raised by the Motion to Dismiss the Complaint filed by the Debtors and is based on the contention that inasmuch as the Complaint was not filed within the time fixed by Bankruptcy Rules 4007(c) and 4004(c), the Complaint is untimely and since these time requirements are jurisdictional, the Complaint should be dismissed with prejudice.

The procedural background and relevant facts germane to resolving the prime issue, which is the timeliness of the Complaint, can be summarized as follows.

The Debtors filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on January 11, 1991. Bankruptcy Rule 4007(c) provides that the time for filing Complaints under § 523(c) of the Bankruptcy Code is 60 days following the first date set forth for the meeting of creditors held pursuant to § 341(a), which meeting was held February 14, 1991. Bankruptcy Rule 4004(c) similarly applies to Complaints filed pursuant to § 727. The deadline for filing Complaints under § 523 and § 727 in this case was April 15, 1991. No Motion to extend the time for filing the Complaint was made prior to the expiration of the time period.

On April 12, 1991, Miller filed a document in the general case titled "Objection to Dischargeability" in an attempt to comply with the bar date fixed by Bankruptcy Rule 4007(c). In his submission, Miller objected to the dischargeability of the debt owed to him by the Debtors. The submission described how the debt arose, and alleged that it was incurred based on the "Debtors false pretenses, false representation or actual fraud and the debt was caused to be made with the intent to deceive James Miller." The submission then quoted pertinent parts of § 523(a) of the Bankruptcy Code. The submission also

charged that the Debtors transferred property within one year of bankruptcy with the intent to deceive and thus, according to Miller, the Debtors' discharge should be denied pursuant to § 548 (sic) and § 727 of the Bankruptcy Code.

The Court has considered the submission and concluded that the matters raised by the submission are subject to Part VII of the Bankruptcy Rules. Specifically, Miller's submission should have been filed as an Adversary Proceeding in full compliance with the Adversary Proceeding rules. However, Miller did not file a Complaint with the proper style, as is required by Bankruptcy Rule 7003. Additionally, he failed to pay the required $120.00 filing fee and he did not cause the issuance of a summons and have the same served on the Debtors and the Debtors' attorney, as is required by Bankruptcy Rule 7004. Clearly, the submission filed by Miller was improper, and the same was stricken without prejudice and Miller was granted leave to cure procedural defects within ten days.

On April 29, 1991, Miller filed a Complaint consisting of two Counts. In Count I, which is based on § 727 of the Bankruptcy Code, Miller alleged that the Debtors transferred a majority of their assets into annuities which were exempt pursuant to *Fla.Stat.* § 222.14 to prevent, hinder or delay payment of a debt due and owing to Miller. Thus, Miller seeks that this Court "deny the voluntary petition for bankruptcy filed by (the Debtors), or in the alternative, not discharge the debt owed to (Miller)." In Miller's Complaint, the factual allegations surrounding the Debtors' debt to Miller are identical to the allegations included in his original submission.

In the claim set forth in Count II, brought pursuant to § 523 of the Bankruptcy Code, Miller alleges the debt owed by the Debtors to Miller arose from a lawsuit based on "fraud committed by the Debtors." For these reasons, Miller seeks that the Court dismiss the Debtors' Voluntary Petition for Bankruptcy, or in the alternative, to declare that the debt owed by the Debtors to Miller is nondischargeable.

On May 13, 1991, the Debtors filed the Motion to Dismiss the Complaint filed by Miller, which Motion is presently before the Court. The Motion alleges that Miller did not intend to commence an Adversary Proceeding because of the deficient manner in which he filed his pleadings, i.e., the "Objection to Dischargeability." Further, the Debtors contend that because of the failure to comply with the Bankruptcy Rules and commence an Adversary Proceeding by the April 15, 1991 deadline or, in the alternative, because of the failure to seek an extension, the Court should dismiss the Complaint with prejudice.

In opposition to the Debtors' Motion, Miller first argues that the Court was within its authority, pursuant to Bankruptcy Rules 4004(b) and 4007(c), and within its equitable powers, pursuant to § 105 of the Bankruptcy Code, to extend the time to file the Complaint, and the Court correctly did so when it dismissed Miller's "Objection to Dischargeability" without prejudice to refile a proper Complaint within ten days. Secondly, Miller asserts that the submission of the "Objection to Dischargeability" within the required deadline, in conjunction with the ten-day extension by the Court, amounted to a *de facto* Motion to Extend pursuant to Bankruptcy Rules 4004 and 4007. Finally, Miller asserts that the Complaint "relates back" to the original pleading, albeit incorrectly styled an "Objection to Dischargeability," and hence was timely filed.

The Court need not address Miller's first two arguments because this Court has previously rejected the argument that a Complaint could be considered a Motion to extend time and the argument that the Court has discretion to enlarge the time for filing a Complaint to determine the dischargeability of the debt. *In re Remund*, 109 B.R. 492, 493 (Bankr.M.D.Fla.1990). However, it is upon the third point, that the submission "relates back," that Miller soundly bases his response.

■ In asserting the "relation back" doctrine, Miller relies upon Fed.R.Civ.P. 15, which provides in pertinent part as follows:

[W]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading ...

Fed.R.Civ.P. 15(c) as adopted by Bankruptcy Rule 7015. Further, Miller relies on *In re Fondren,* 119 B.R. 101 (Bankr.S.D.Miss. 1990), where the Court held that an amendment containing allegations identical to those presented in the original pleading related back to the date of the original, timely filed pleading and was therefore allowable.

The *Fondren* Court quoted approvingly *In re Dean,* 11 B.R. 542 (9th Cir. BAP 1981), and the basic test enunciated therein:

[W]hether the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed; or, as a corollary, that in terms of notice, one may fairly perceive some identification or relationship between what was pleaded in the original and amended complaints.

*In re Fondren,* 119 B.R. at 103–04 *quoting, In re Dean,* 11 B.R. at 545. This Court expressly embraces the basic test of *Dean* and the holding of *Fondren.*

The evidence is clear that as to Count I, the allegations in the Complaint were identical to those in the original submission, and were in fact introduced in the original submission, notwithstanding that it was incorrectly filed. In addition, it is reasonable to state that the Debtor could fairly perceive a relationship between what Miller stated in the original submission and what was pled in Count I of the Complaint. Moreover, it is equally clear that the claim asserted in Count I of the Complaint arose from the same conduct, transaction, or occurrence that Miller attempted to set forth in the original submission. Fed.R.Civ.P. 15 as adopted by Bankruptcy Rule 7015. Hence, this Court is satisfied that Count I of the Complaint relates back to the original submission and thus, the Defendant's Motion to Dismiss the Complaint as untimely should be denied as to Count I.

However, this is not the case regarding Count II of the Complaint. As noted earlier, in Count II, Miller seeks a determination that the debt owed by the Debtors to Miller should be declared nondischargeable pursuant to § 523(a)(2) and § 523(c) because the "debt was based on fraud." In the submission titled "Objection to Dischargeability," Miller states that the Debtors' debt owed to him was incurred based on the "Debtors' false pretenses, false representation or actual fraud and the debt was caused to be made with the intent to deceive" Miller. Neither Count II of the Complaint nor Miller's original submission states a claim or includes sufficient factual allegations against the Debtors upon which relief can be granted. Thus, Count II cannot be said to relate back to the original submission, and the Debtors' Motion to Dismiss the Complaint as untimely should be granted as to Count II.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendants' Motion to Dismiss Complaint be, and the same is, hereby denied as to Count I, and Debtors have ten (10) days from the date of this Order to file an answer or responsive pleading. It is further

ORDERED, ADJUDGED AND DECREED that the Defendants' Motion to Dismiss Complaint be, and the same is hereby, granted as to Count II, and Count II of the Complaint be, and the same is hereby, dismissed with prejudice.

DONE AND ORDERED.