In re Salvatore James MARINO, and Dolores Carmen Marino, Debtors.

CLASSIC AUTO REFINISHING, INC., Appellant, Cross–Appellee,

v.

Salvatore James MARINO, Appellee, Cross–Appellant.

Bankruptcy No. LA 91–76426–BR.
Adv. No. AD 91–06606–BR.
BAP Nos. CC–92–1022–JPV,
CC–92–1023–JPV.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on July 22, 1992.

Decided Aug. 17, 1992.

Lary Alan Rappaport, Los Angeles, Cal., for Classic Auto Refinishing.

Nicholas A. Franke, Los Angeles, Cal., for Salvatore James Marino.

Before JONES, PERRIS and VOLINN, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

### FACTS

Debtor Salvatore Marino ("Marino"),[1] individually and through a company owned by him (Jim Marino Imports ("JMI")), owned and operated automobile dealerships. Appellant Classic Auto Refinishing, Inc. ("Classic Auto") operated a business on the premises of Marino's dealerships.

After Classic Auto went out of business, it sued Marino and JMI in California state court for fraud and breach of contract. The essence of these claims was that Marino had destroyed Classic Auto's business. On April 1, 1991, the state court entered judgment in favor of Classic Auto and against Marino and JMI in the amount of $741,000. By that time, the judgment was Classic Auto's only asset.

During April and May of 1991, counsel for Classic Auto negotiated with counsel for JMI and Marino regarding ways to satisfy the judgment. During the negotiations, counsel for Classic Auto stated that threats of bankruptcy were unpersuasive because the judgment was based upon fraud and was therefore not dischargeable. No resolution of the matter was reached.

On May 21, 1991, Marino filed a petition under Chapter 11 of the Bankruptcy Code.[2] On or about May 31, 1991, an order for meeting of creditors was sent to all creditors, including Classic Auto. The order stated, *inter alia*, that the bar date for filing dischargeability complaints under Bankruptcy Code § 523(c) was September 10, 1991. There is no dispute that counsel for Classic Auto received the order.

Classic Auto, meanwhile, was not able to retain bankruptcy counsel because it had been out of business for five years and the judgment against Marino and JMI was its sole asset. Although litigation counsel for Classic Auto, McCambridge, Deixler, Marmaro & Goldberg ("MDM & G"), does no bankruptcy work, the firm agreed to assist Classic Auto in collecting its judgment from the Marino bankruptcy estate in light of Classic Auto's inability to hire bankruptcy counsel.

Because of its unfamiliarity with bankruptcy, MDM & G did not realize the order for meeting of creditors contained a bar date for dischargeability complaints or, indeed, that a complaint to determine dischargeability was necessary. During the early months of the bankruptcy, however, Classic Auto reiterated its belief that the judgment was not a dischargeable debt and, on July 3, 1991, Classic Auto filed an opposition to JMI's motion to sell assets ("Opposition to Sale") in which it described in detail the nature and amount of the judgment.

As of September 10, 1991, Classic Auto had filed neither a complaint to determine

---

1. Dolores Marino is also a debtor in this case, but appears to have taken no active role in the events involved in this appeal. She was not named as a defendant in the complaint involved in this appeal and is not a party to the appeal.

2. Unless otherwise indicated, all references to the Code or to "sections" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. All references to "rules" are to the Federal Rules of Bankruptcy Procedure, Fed.R.Bank.P. 1001–9035.

the dischargeability of the judgment nor a motion for an extension of time to do so. On or about September 19, 1991, MDM & G learned that the bar date had passed. The next day, the firm filed a dischargeability complaint on behalf of Classic Auto based upon Bankruptcy Code § 523(a)(2) and (6).

Counsel for Marino advised Classic Auto's counsel that the complaint was untimely and that it should be dismissed. When the complaint was not dismissed, Marino filed an answer, then a motion to dismiss on the ground that the complaint was untimely under Bankruptcy Rule 4007(c). Marino also requested sanctions against MDM & G for its filing of and refusal to withdraw the complaint. Classic Auto opposed dismissal of the adversary arguing that the complaint was timely under the doctrines of either substantial compliance or relation back or that the court had equitable power to permit the complaint to be filed after the bar date.

A hearing on the motion to dismiss was held on December 4, 1991. The court held that the doctrine of substantial compliance and relation back could not be used to make the complaint timely. The court also determined that it did not have latitude under Rule 4007(c) and the cases interpreting it to allow the late-filed complaint. The court, however, was sympathetic to Classic Auto's plight:

> The cases out there are that [Rule 4007(c) is] an absolute bar, the only exception being where the Court, by noticing, has misled the parties. Maybe it should be otherwise, but my position as a trial judge, I'm not in a position. You may have to take it a lot higher to get them to rewrite the law and maybe they will, because certainly this is a set of facts that is probably as good from your position as possible. Nevertheless, the cases from the BAP district court circuits throughout the country is just an absolute bar date, and it has nothing to do—as I understand it was simply the knowledge, because clearly, in most cases, the debtor very well knows about it, and this is a good example....

> So anyway, you certainly have a good equitable argument as far as I can see, that involves otherwise. So you'll have to take it to some higher court to get that—basically a new slant on the law, a new nuance. But as far as I can see, I have no power to do otherwise.

The court thus granted the motion to dismiss. The court declined to award sanctions stating that the complaint "was clearly not frivolous by any means [s]o this is hardly one for any sanctions."

A written order was entered on December 26, 1991. Classic Auto filed a timely notice of appeal. Marino filed a timely notice of cross-appeal of the trial court's decision to deny sanctions. For the reasons set forth below, we AFFIRM the appeal and the cross-appeal.

## ISSUES

A. Whether the trial court properly concluded that the substantial compliance and relation back doctrines did not make the complaint timely.

B. Whether the trial court properly concluded that no extraordinary circumstances were present justifying extension of the bar date.

C. Whether the trial court properly declined to award sanctions for Classic Auto's filing of and failure to dismiss the complaint.

## STANDARDS OF REVIEW

The first two issues identified above involve questions of law which we review *de novo*. *Trustees of the Amalgamated Ins. Fund v. Geltman Inds., Inc.*, 784 F.2d 926, 929 (9th Cir.1986). We review the trial court's decision regarding an award of sanctions for an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990); *In re Grantham Bros.*, 922 F.2d 1438, 1441 (9th Cir.), *cert. denied, Needler v. Valley Nat. Bank*, —— U.S. ——, 112 S.Ct. 94, 116 L.Ed.2d 66 (1991).

## DISCUSSION

### A. Substantial Compliance/Relation Back [3]

Classic Auto makes a two-pronged argument in support of its claim that its complaint was, in essence, timely. The first prong of this argument is that the Opposition to Sale, along with the oral and written communications with Marino asserting that the debt was not dischargeable, constitutes substantial compliance with the requirement of filing a complaint. The second prong of the argument is that the formal complaint should relate back to the date that the "informal complaint" (i.e. the Opposition to Sale) was filed. Because, according to this argument, the Opposition to Sale was filed well before the bar date, the complaint would be timely.

Classic Auto's argument on this issue must fail for several reasons. First, by its own terms, Federal Rule of Civil Procedure 15 does not apply in this situation. Rule 15, which is made applicable to bankruptcy adversary proceedings by Bankruptcy Rule 7015, provides in relevant part:

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when ...

(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

Rule 7 of the Federal Rules of Civil Procedure, which is made applicable to bankruptcy adversary proceedings by Bankruptcy Rule 7007, defines "pleadings" as follows:

**(a) Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third party complaint, ... and a third party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed.R.Civ.P. 7(a).

Reading these rules together, it is clear that Rule 15 does not help Classic Auto. Rule 15 provides that, under certain circumstances, an amended pleading may relate back "to the date of the original *pleading.*" Rule 7 specifically defines pleadings. Thus, relation back only applies when the original document was a "pleading." Such is not the case here. The Opposition to Sale is not even close to the documents listed in Rule 7 and did not serve the purpose that a complaint to determine dischargeability would serve. Thus, there is no basis for treating the Opposition to Sale as a "pleading" to which the complaint could relate back under Rule 15.

The cases cited by Classic Auto also offer little support for its position. In most of those cases, a complaint was timely filed and later amended. *See, e.g., In re Englander*, 92 B.R. 425 (9th Cir. BAP 1988); *In re Blewett*, 14 B.R. 840 (9th Cir. BAP 1981); *In re Barnes*, 96 B.R. 833 (Bankr. N.D.Ill.1989); *In re Mufti*, 61 B.R. 514 (Bankr.C.D.Cal.1986). Such cases do not provide significant support for Classic Auto's position because they involve situations to which Rule 15 relation back was clearly intended to apply.

The only case that supports Classic Auto's argument is *In re Levine*, 132 B.R. 464 (Bankr.M.D.Fla.1991). There, a creditor filed an "Objection to Dischargeability" three days before the bar date for filing dischargeability complaints. The document described how the debt arose, alleged that the debt was incurred through fraud, and quoted from parts of Bankruptcy Code § 523. *Id.* at 465. The document, however, was not styled as a complaint and was not treated as commencing an adversary proceeding. *Id.* at 466. After the bar date for filing complaints objecting to discharge or dischargeability had passed, the

---

**3.** Classic Auto asserts that the trial court held that Rule 15 of the Federal Rules of Civil Procedure and the relation back doctrine do not apply to dischargeability complaints. That is not what the court held. The court indicated that it was unaware of any authority under which the relation back doctrine could be applied to relate a complaint back to another type of pleading such as the Opposition to Sale.

creditor filed a complaint based upon Bankruptcy Code §§ 727 and 523. *Id.*

The debtors then moved to dismiss the complaint as untimely filed. The court denied the motion to dismiss with respect to those allegations that arose from the same conduct, transaction or occurrence as the creditor tried to describe in the Objection to Dischargeability because those allegations related back to the original document. *Id.* at 466–67. The court granted the motion as to those claims for relief that were not adequately stated in either document because they could not relate back to the original submission. *Id.* at 467.

*Levine* at least supports the argument that Classic Auto's Opposition to Sale could be construed as pleading to which its complaint could relate back. We decline, however, to construe the Opposition to Sale as such a pleading. First, *Levine* is distinguishable in that there the document that was timely filed served the purpose of a complaint: It put the debtors on notice that the creditor was objecting to their discharge. This is not true of the Opposition to Sale in the case at bar. The Opposition to Sale does not allege that the debt is nondischargeable or seek a declaration to that effect. It describes how the debt was incurred and refers the state court judgment, but the thrust of the Opposition to Sale is not about the dischargeability of the debt. Thus, the Opposition to Sale is distinctly different from the Objection to Dischargeability filed in *Levine.*

Moreover, holding that the complaint relates back to the Opposition to Sale would open up a Pandora's Box of claims that various documents filed during a bankruptcy case should be treated as pleadings to which an untimely complaint could relate back in order to make an untimely complaint timely. This would obliterate the concept of finality of a discharge that Rule

4007(c) is intended to engender. We therefore decline Classic Auto's invitation to extend the relation back doctrine to a situation such as the one at bar.

### B. Presence of Extraordinary Circumstances

■ Bankruptcy Rule 4007(c) provides that a complaint to determine the dischargeability of a debt must be filed "not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." The Ninth Circuit and the Bankruptcy Appellate Panel have strictly construed this rule in cases where creditors have simply missed the bar date through neglect or failure to monitor a bankruptcy case. *See, e.g., In re Bucknum,* 951 F.2d 204, 207 (9th Cir.1991); *In re Hill,* 811 F.2d 484, 486–87 (9th Cir.1987); *In re Price,* 79 B.R. 888 (9th Cir. BAP 1987), *aff'd,* 871 F.2d 97 (9th Cir.1989); *In re Rhodes,* 61 B.R. 626, 630 (9th Cir. BAP 1986). It is thus well settled that a creditor who fails to timely file either a complaint or a motion for an extension of the bar date will not be permitted to pursue a dischargeability action.

■ The only exception to this rule has been when "extraordinary circumstances" are present.[4] The only situation in which courts in the Ninth Circuit have found extraordinary circumstances to exist is where the court has misled the creditor into filing the "untimely" complaint. Most recently, in *In re Anwiler,* 958 F.2d 925 (9th Cir. 1992), the court affirmed the denial of a motion to dismiss a dischargeability complaint when the clerk's office had sent out two notices containing bar dates. The complaint was timely filed under the second notice, but untimely under the first notice. *Id.* at 926. The court held that Bankruptcy Code § 105(a)[5] permits a court to correct

---

**4.** The Ninth Circuit recently carved out another exception to this rule where a creditor received notice of the bar dates only one week before their expiration. *In re DeWalt,* 961 F.2d 848, 850–851 (9th Cir.1992). *DeWalt* has no effect on the case at bar, however, because Classic Auto admittedly received timely notice of the bar dates.

**5.** Section 105(a) provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of any issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to en-

its own mistakes and that because a creditor could reasonably rely on the second notice the complaint could proceed. *Id.* at 929. *See also Anwiler,* 958 F.2d at 928 n. 6, n. 7 (and cases cited therein); *In re Burke,* 95 B.R. 716, 717–718 (9th Cir. BAP 1989). Absent action by the court that could have misled the creditor, there is no authority for finding "extraordinary circumstances" that would allow an untimely complaint to go forward.

In the case at bar, no such circumstances exist. Here, MDM & G received the notice of bar dates well before their expiration. There is no allegation that any action by the court or the clerk's office confused MDM & G; they simply did not file the complaint in time. Thus, there is no basis for applying the extraordinary circumstances doctrine to allow Classic Auto's complaint to proceed. Accordingly, we affirm the trial court's decision to dismiss the complaint as untimely filed.

### C. Denial of Sanctions

Bankruptcy Rule 9011(a) provides for an award of sanctions against an attorney or a party who files a document that is not "well grounded in fact" and "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...." Fed. R.Bankr.P. 9011(a). "Under Rule [9011], attorney conduct is measured objectively against a reasonableness standard, which consists of a competent attorney admitted to practice before the involved court." *Grantham Bros.,* 922 F.2d at 1441 (citing *Zaldivar v. City of Los Angeles,* 780 F.2d 823 (9th Cir.1986)).

Marino argues that the trial court erred in refusing to impose sanctions against MDM & G because none of MDM & G's arguments in favor of denying its motion to dismiss were supported by existing law or by a good faith argument for an extension or modification of existing law. Marino's position is that the law in the Ninth Circuit is well settled that the complaint was untimely and would be dismissed. The question thus boils down to whether the

trial court abused its discretion in determining that MDM & G had either a good faith argument under existing law or an argument in favor of a change in the law that might have justified denying the motion to dismiss.

The court did not abuse its discretion. First, the trial court judge made it clear at the hearing on the motion to dismiss the complaint that he thought the law in this area may be subject to further development and change on appeal. Indeed, he virtually invited Classic Auto to appeal in order to try to get an appellate court to give the law a "new nuance."

Second, as noted above, the Ninth Circuit has recently issued several opinions regarding the application of bar dates under Bankruptcy Rule 4007. *See DeWalt,* 961 F.2d 848; *Anwiler,* 958 F.2d 925; *Bucknum,* 951 F.2d 204. This suggests that the law on this issue is not carved in stone.

Third, Classic Auto's opposition to the motion to dismiss was based upon more than simply a possible extension of the bar date. It was also based upon application of other equitable doctrines which have support in case law. Finally, the purpose of Rule 9011 is not to chill zealous advocacy, but to inhibit the filing of frivolous and baseless papers. *See Grantham Bros.,* 922 F.2d at 1441. Imposing sanctions against MDM & G here would be inconsistent with Rule 9011's purpose.

### CONCLUSION

We affirm the trial court's motion to dismiss Classic Auto's complaint because there is no basis for applying the relation back doctrine of Federal Rule 15 to hold that Classic Auto's complaint was timely filed and because no extraordinary circumstances were extant to justify an extension of the bar date. We also affirm the trial court's decision to deny Marino's request for sanctions.

force or implement court orders or rules, or       to prevent an abuse of process.